[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS AND OBJECTION THERETO
In a pleading dated October 30, 1992, the plaintiff has moved for modification of the judgment entered on June 12, 1991.[1] The defendant thereafter filed a request to revise dated November 10, 1992. The plaintiff then filed a response to the request to revise. The defendant then filed the motion to dismiss and the plaintiff filed his objection thereto which has been argued and briefed by the parties.
On April 16, 1992, the firm of Mihaly and Mihaly's appearance was still active in this file. The defendant claims that by the operation of Practice Book rule 77(c) the appearance of Mihaly and Mihaly was no longer effective because CT Page 1665 more than 180 days had passed since the date of the judgment. The rule, however, is not applicable in this case because of the subsequent post judgment proceedings. While it is true that more than 180 days apparently did pass between April 16, 1992 and the next pleading filed on October 31, 1992 (fifteen days more than 180 days), the rule would not appear to be applicable.
In any event, the challenge by the defendant is a challenge of in personam jurisdiction. The defendant, by filing pleadings prior to the motion to dismiss, has waived her right to challenge in personam jurisdiction. Practice Book 113. As was stated by Judge Foti in the case of Turdin v. Scarpati, 8 Conn. L.T. No. 16, pp. 19, 20 (1981):
 The general rule is that if a party deals with the merits or does any act which recognizes the case as in court, he submits to the jurisdiction of the court.
In filing her request to revise before her motion to dismiss, the defendant has submitted to the jurisdiction of this court. The motion to dismiss is, therefore, denied and the plaintiff's objection thereto is sustained.
EDGAR W. BASSICK, III, JUDGE